## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLTECH COMMUNICATIONS, LLC, ) an Oklahoma Limited Liability ) Company, ) )     **Plaintiff,** ) ) v. ) ) ROBERT BROTHERS, an individual; ) and TOWERWORX, LLC, an ) Oklahoma Limited Liability Company, ) )     **Defendants,** ) ) KRIS LANGHOLZ, an individual; ) ROBERT LANGHOLZ, an individual; ) and LAURENCE LANGHOLZ, ) an individual; ) )     **Third-Party Defendants.** ) | No. 08-CV-210-TCK-SAJ |

### OPINION AND ORDER

Before the Court are Third-Party Defendants' Motion to Dismiss (Doc. 28); Defendants' Motion for Leave to File Amended Answer (Doc. 31): and Defendant Robert Brothers' Motion for Leave to File Amended Counterclaim (Doc. 32).

**I.    Factual Background**

    A.    AllTech's Complaint

On March 12, 2008, Plaintiff AllTech Communications, LLC ("AllTech") filed a Petition in Tulsa County District Court ("Complaint") against two defendants: (1) one of AllTech's former employees, Robert Brothers ("Brothers"); and (2) one of AllTech's competitors for whom Brothers is currently employed, TowerWorx, LLC ("TowerWorx") (collectively "Defendants"). AllTech asserted ten causes of action: (1) breach of fiduciary duty; (2) breach of a non-disclosure agreement;

(3) unfair competition; (4) misappropriation of trade secrets; (5) interference with existing business relations; (6) interference with prospective economic advantage; (7) conversion; (8) patent infringement; (9) injunctive relief and (10) punitive damages. The first two causes of action for breach of fiduciary duty and breach of a non-disclosure agreement are asserted against Brothers only; the remaining eight causes of action are asserted against Brothers and TowerWorx.

The following facts are alleged in the Complaint. AllTech manufactures and services portable cellular towers. At the time of AllTech's inception, Brothers commenced his employment with AllTech as Chief Operations Officer ("COO"). As COO, Brothers was responsible for the design and manufacture of the tower units and had access to AllTech's confidential information and trade secrets. On August 2, 2007, TowerWorx was formed. Like AllTech, TowerWorx manufactures communications towers. In August of 2007, Brothers resigned as an employee from AllTech and joined TowerWorx. Despite his resignation as an employee, Brothers remained, and continues to remain, an owner of AllTech. Essentially, AllTech alleges that Brothers and TowerWorx are wrongfully using confidential information and trade secrets obtained by Brothers during his employment with AllTech, wrongfully stealing or attempting to steal AllTech's customers, and infringing on one of AllTech's patents entitled "Self Guying Communication Tower" ("Patent"). In addition, AllTech alleges that Brothers breached fiduciary duties owed to AllTech by virtue of Brothers' ownership of AllTech and breached a non-disclosure agreement contained in AllTech's employee handbook. AllTech seeks damages and injunctive relief prohibiting Defendants from, *inter alia*, using confidential information or trade secrets obtained by Brothers during his employment with AllTech.

B.      Defendants' Counterclaims Against AllTech

On April 21, 2008, Brothers and TowerWorx filed a Counterclaim against AllTech asserting two causes of action. The first cause of action relates directly to AllTech's patent infringement claim and arises under federal law. In their first cause of action, Defendants seek a declaratory judgment that (1) the Patent is invalid because it fails to meet the conditions of patentability, (2) Defendants have not infringed any valid and enforceable claim of the Patent, and (3) Defendants are entitled to fees and costs pursuant to 35 U.S.C. § 285. The second cause of action relates to Brothers' desire to ensure that he has received the distributions and financial disclosures to which he is entitled as an owner of AllTech. Specifically, the second cause of action, which arises under state law, provides that "[p]ursuant to 18 Okla. Stat. § 2021, Brothers is entitled to an accounting from AllTech to establish all revenues received by AllTech, all expenses incurred by AllTech, the amount of money to which Brothers is entitled in distributions and any other information relating to the financial condition of AllTech." (Counterclaim ¶ 19.)

C.      Brothers' Third-Party Complaint Against AllTech's Principals

On May 5, 2008, within ten days of filing its answer, Brothers filed a Third-Party Complaint against three individual principals of AllTech – Kris Langholz ("Kris"), Robert Langholz ("Robert"), and Laurence Langholz ("Laurence") (collectively "Langholzes") – asserting three causes of action: (1) breach of fiduciary duty, (2) breach of contract, and (3) unjust enrichment. In his breach of fiduciary duty claim, Brothers alleges that the Langholzes breached fiduciary duties to him by, *inter alia*, refusing to allow Brothers access to financial records, transferring AllTech funds to other companies owned by Laurence, and failing to maintain accurate financial records. There are no dates alleged as to these breaches of duty. In his breach of contract claim, Brothers

alleges that he entered into an agreement with Kris. Pursuant to such agreement, Brothers agreed to allow AllTech to pay off its outstanding debt, thereby eliminating personal guarantees of the Langholzes, in exchange for Brothers' receipt of additional ownership interests in AllTech when the outstanding debt was paid off. There is no date alleged for entry of the agreement, but the alleged date of the breach is 2006. Thus, the alleged breach of contract occurred prior to Brothers' resignation from AllTech. In his unjust enrichment claim, Brothers alleges that the Langholzes were unjustly enriched by the above-described breach of contract because their personal obligations to AllTech were released, and they retained ownership interests that should have been transferred to Brothers.

        D.      <u>Pending Motions and Defendants' Proposed Amended Counterclaim</u>

On June 18, 2008, the Langholzes moved to dismiss Brothers' third-party claims, arguing that such claims do not comply with Federal Rule of Civil Procedure 14(a) ("Rule 14(a)"). On July 14, 2008, Defendants moved for leave to amend their counterclaims pursuant to Federal Rule of Civil Procedure 15(a) ("Rule 15(a)").[1] Defendants request leave to amend their counterclaims only in the event Brothers' Third-Party Complaint is dismissed. Thus, in the event the Third Party Complaint is dismissed, *i.e.*, Rule 14(a) does not authorize Brothers' claims against the Langholzes, Brothers seeks to recast his claims as "counterclaims" authorized by Federal Rule of Civil Procedure 13(h) ("Rule 13(h)").

The proposed Amended Counterclaim ("Proposed Amended Counterclaim"), which is attached as Exhibit B to the motion for leave to amend the counterclaim, includes five causes of

---

[1] Also on July 14, 2008, Defendants moved the Court for leave to amend their Answer to assert additional defenses. This motion is not opposed.

action. The first and third causes of action are asserted by both Defendants against AllTech and are the same claims currently asserted in the Counterclaim – for declaratory judgment and for an accounting. The second, fourth, and fifth causes of action are asserted by Brothers against the Langholzes and are the same claims currently asserted in the Third-Party Complaint – for breach of fiduciary duty, breach of contract, and unjust enrichment. Both Defendants seek judgment as to the declaratory judgment and accounting causes of action, but only Brothers seeks judgment as to the second, fourth, and fifth causes of action. (*See* Proposed Am. Counterclaim ¶ 47(A)-(B).)

## II.     Langholzes' Motion to Dismiss Third-Party Complaint

Rule 14 governs "third-party practice," which is also known as impleader, in federal court. Relevant to this case, Rule 14(a) governs when a defending party may bring in a third party:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action *who is or may be liable to the third-party plaintiff for all or part of the claim against it.* But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 10 days after serving its original answer.

(emphasis added). The underlying purpose of Rule 14 is to "accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits." *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1498 (10th Cir. 1983) (quotation omitted). Despite this broad purpose, it is "well established" that "impleader is proper only where the third-party defendant's liability is 'in some way derivative of the outcome of the main claim.'" *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1498 (10th Cir. 1983) (quoting *United States v. Joe Grasso & Son, Inc.*, 280 F.2d 749, 751 (5th Cir. 1967)); *Fed. Deposit Ins. Corp. v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994); 6 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure* § 1446 (2d ed. 1990) (hereinafter *Federal*

*Practice*) ("A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant.") (collecting cases at notes 2 and 3). A claim that is not derivative of or dependent on the main claim cannot be inserted into the controversy pursuant to Rule 14(a), even if it is factually related and arises from the same transaction or occurrence. *See Baltimore & Ohio R.R. Co. v. Central Railway Servs., Inc.*, 636 F. Supp. 782, 786 (E.D. Pa. 1986) (explaining that the liability of the third-party defendant "cannot simply be an independent or related claim but must be based upon plaintiff's claim against defendant"); *Nat'l Bank of Can. v. Seaport Marketplace*, 627 F. Supp. 610, 613 (S.D.N.Y. 1986) (stating that, under Rule 14(a), it is "not enough" that a third-party claim arises from the same transaction or set of facts as the original claims); *Federal Practice* § 1442 ("[I]mpleader . . . cannot be used as a way of combining all controversies having a common relationship in one action.") (collecting cases at note 13).

In this case, AllTech asserts ten claims against Defendants, all but one of which relate to Defendants' misappropriation of AllTech's confidential information and trade secrets following Brothers' resignation from AllTech. AllTech's remaining claim is that Defendants infringed the Patent while Brothers was employed by TowerWorx. These are the "main claims" in the lawsuit. Brothers asserts, as his third-party claims, that the Langholzes breached certain fiduciary duties to him at unspecified times, breached a contract in 2006, and were unjustly enriched in 2006. The Langholzes argue that Brothers' claims are in no way "derivative" of the main claims but instead are "wholly unrelated state common-law claims that have no relationship with AllTech's claims against Defendants." (Mot. to Dismiss 4.) In response, Brothers argues that Rule 14(a) authorizes

6

his claims against the Langholzes because "the Langholzes bear responsibility for causing Brothers to leave AllTech in the first instance." (Resp. to Mot. to Dismiss 4.)

Construing Brothers' Third-Party Complaint in its most favorable light, there is no scenario in which the Langholzes' could be liable to Brothers for any judgment obtained by AllTech against Brothers. Even assuming the Langholzes wrongfully forced Brothers out of AllTech, there are no allegations that the Langholzes forced him to misappropriate or misuse their trade secrets or forced him to infringe the Patent following his departure. AllTech does not seek damages based simply on Brothers' resignation from the company, and the reasons for his departure are not relevant to the main claims. Instead, AllTech's claims center on Brothers' actions after his resignation, *i.e.*, his use and disclosure of confidential information and trade secrets. Therefore, the outcome of Brothers' claims – which relate to wrongful actions taken by the Langholzes against Brothers while he was employed by AllTech – do not derive from or depend in any way on the outcome of the claims asserted against him. Although the third-party claims are somewhat factually related to the main claims because they involve the same actors and the prior business relationship between AllTech and Brothers, this factual overlap is not sufficient to invoke Rule 14(a). Brothers' third-party claims are simply not derivative or dependent on the main claims; they turn on an entirely different set of facts. Therefore, they cannot be brought into this lawsuit pursuant to Rule 14(a). *See Hefley*, 713 F.2d at 1498 (concluding that Rule 14 could not be used to bring in third-party defendant because defendant could not show that third-party defendant "may be liable to [the defendant] if the plaintiffs in the underlying suit are successful"); *Bathgate*, 27 F.3d at 873 (concluding that Rule 14 could not be used to bring in third-party defendant because third-party defendants' liability was not derivative of the defendants' liability on the notes for which the plaintiff sought payment); *Met. Life Ins. Co.*

7

*v. Cronenwett*, 162 F. Supp. 2d 889, 899 (S.D. Ohio 2001) (concluding that Rule 14 could not be used to bring in third-party defendant because defendant failed to show that third-party defendant "may be liable" to defendant for all or part of an interpleader claim); *Seaport Marketplace*, 627 F. Supp. at 613 (concluding that Rule 14 could not be used to bring in third-party defendant because the outcome of the third-party claim was not "contingent on the outcome of the main claim").[2]

### III.   Defendants' Motion for Leave to File Amended Counterclaim

As an alternative to impleading his claims against the Langholzes pursuant to Rule 14(a), Brothers seeks to interject them into the lawsuit as "counterclaims" pursuant to Rule 13(h). In order to do so, Brother sought leave of court to amend his counterclaim pursuant to Rule 15(a). Rule 15(a) provides that leave to amend shall be freely given when justice so requires. Courts generally deny leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City, and County of Denver*, 397 F.3d 1300, 1314 (10th Cir. 2005) (quotation omitted). AllTech and the Langholzes oppose amendment on grounds of futility, arguing that Rule 13(h) does not authorize the proposed counterclaims against the Langholzes and that, even if it did, the Court lacks subject matter jurisdiction over such claims.

Rule 13 governs the filing of counterclaims and crossclaims, and Rule 13(h) specifically governs the "addition of a person as a party to a counterclaim or crossclaim." In this case, Brothers seeks to add the Langholzes as parties by asserting three counterclaims against them. However,

---

[2] Based on the Court's holding that the Third-Party Complaint does not comply with Rule 14(a), it does not reach the Langholzes' second argument that the Court lacks subject matter jurisdiction over Brothers' claims.

Brothers does not seek to assert any of these same counterclaims against AllTech. Instead, the first and third cause of actions in the Proposed Amended Counterclaim are asserted only against AllTech, while the second, fourth, and fifth causes action are asserted only against the Langholzes.

The weight of authority holds that Rule 13(h) cannot be used to assert a counterclaim or crossclaim solely against an unnamed party. *Bathgate*, 27 F.3d at 873; *Brown v. Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am.*, 85 F.R.D. 328, 333 (D. Mich. 1980) ("It is well established, however, that the cross-claim must include as cross-defendant at least one existing co-party. An additional party . . . may not be brought in where the cross-claim is directed solely against the new party."); *Federal Practice* § 1435 ("Rule 13(h) only authorizes the court to join additional parties in order to adjudicate a counterclaim or crossclaim that already is before the court or one that is being asserted at the same time the addition of a non-party is sought. This means that *a counterclaim or cross-claim may not be directed solely against persons who are not already parties to the original action,* but must involve at least one existing party.") (emphasis added) (collecting cases at note 1). In this case, there are no common claims asserted against the Langholzes (the non-parties) and AllTech (the plaintiff) in the Proposed Amended Counterclaim. The Court concludes that Rule 13(h) has no application and that Brothers' attempt to join the Langholzes as parties pursuant to Rule 13(h) is procedurally infirm. *See Bathgate*, 27 F.3d at 873 (finding that non-party bank directors were properly joined as "additional" parties to a counterclaim because the counterclaim was asserted against the plaintiff and was already before the court); *Microsoft Corp. v. Ion Tech. Corp.*, 484 F. Supp. 2d 955, 965 (D. Minn. 2007) (finding that defendants could not assert counterclaims for conversion, civil conspiracy, and breach of common law duty of loyalty solely against individuals who were not parties to the original action); *Johansen*

9

*v. United States*, 392 F. Supp. 2d 56, 59 (D. Mass. 2005) (allowing counterclaim against non-party pursuant to Rule 13(h) because same counterclaim was already asserted against plaintiff). *But see Various Markets, Inc. v. Chase Manhattan Bank*, 908 F. Supp. 459, 471 (E.D. Mich. 1995) (allowing a defendant to bring claims against non-parties to the lawsuit pursuant to Rule 13(h) simply because the claims were asserted at the same time, *i.e.*, within the same pleading, as claims against existing parties).[3] Therefore, allowing Defendants to amend their counterclaim as set forth in the Proposed Amended Counterclaim would be futile, and Defendants' motion for leave to amend their counterclaim is denied.[4]

---

[3] As did this Court, the court in *Various Markets* relied on the following quote from *Federal Practice* as support for its holding: "'Rule 13(h) only authorizes the court to join additional parties in order to adjudicate a *counterclaim* or crossclaim that already is before the court or one that is being asserted at the same time the addition of a non-party is sought. This means that a counterclaim or cross-claim may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party.'" *See Various Markets*, 908 F. Supp. at 471 (quoting *Federal Practice* § 1435). However, the court in *Various Markets* apparently interpreted the phrase "counterclaim" to refer to a pleading or document rather than an individual claim for relief, such that a counterclaim asserted against a non-party is authorized so long as it is contained within the same document or pleading as counterclaims asserted against existing parties. This Court finds the better interpretation to be that each individual counterclaim against a non-party must also be asserted against an existing party, rather than merely asserted in the same pleading as those asserted against existing parties.

[4] Because the Court finds that Rule 13(h) has no application to these facts, the Court does not reach the two other issues briefed: (1) whether the Langholzes qualify for required or permissive joinder pursuant to Rule 19 or 20, so as to bring Brothers' claims within the scope of Rule 13(h); and (2) whether the Court has subject matter jurisdiction over Brothers' claims against the Langholzes.

## IV.     Conclusion

Third-Party Defendants' Motion to Dismiss (Doc. 28) is GRANTED, and the Third-Party Complaint is dismissed. Defendant Robert Brothers' Motion for Leave to File Amended Counterclaim (Doc. 32) is DENIED. Defendants' Motion for Leave to File Amended Answer (Doc. 31) is GRANTED, and Defendants shall file an Amended Answer no later than three days following entry of this Order.

IT IS SO ORDERED this 2nd day of December, 2008.

_____
**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**