### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ALLTECH COMMUNICATIONS, LLC,** ) | |
| **an Oklahoma Limited Liability** ) | |
| **Company,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 08-CV-210-TCK-FHM** |
| ) | |
| **ROBERT BROTHERS, an individual;** ) | |
| **and TOWERWORX, LLC, an** ) | |
| **Oklahoma Limited Liability Company,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### OPINION AND ORDER

Before the Court is Defendant Robert Brothers' Motion for Leave to Amend Answer to Include Counterclaim for Set-Off (Doc. 84).  Therein, Defendant Robert Brothers ("Brothers") requests that the Court grant him to leave to file a First Amended Counterclaim pursuant to Federal Rule of Civil Procedure 15(a) ("Rule 15(a)").  Brothers seeks to add an equitable claim for set off against Plaintiff AllTech Communications, LLC ("AllTech").  Specifically, Brothers contends that "it appears as if there are over $1 million in accounting discrepancies that should have resulted" in shareholder distributions to Brothers.  (*See* Mot. to Amend 2.)  Brothers seeks to add an equitable claim for set off, such that any judgment in favor of AllTech may be set off by the amount owed by AllTech to Brothers in unpaid distributions.[1]

---

[1] For additional factual background, *see* Docs. 47 and 56.

## I.      Standard

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a court should "freely give leave when justice so requires."  District courts have wide discretion to allow amendment "in the interest of a just, fair or early resolution of litigation."  *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009).  District courts generally deny leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Duncan v. Manager, Dep't of Safety*, *City, and Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (internal quotation omitted).  AllTech asserts that leave to amend should be denied on grounds of undue delay and futility.

## II.     Undue Delay

The timeliness issue presented under Rule 15(a) is whether Plaintiff's delay in seeking amendment was "undue."  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006) (explaining that "[e]mphasis is on the adjective" in the "undue delay" analysis).  According to the Tenth Circuit, "[t]he longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend."  *Id.* (internal quotation omitted).  It is well-settled in the Tenth Circuit that "untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay."  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (internal citations omitted); *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1133 (10th Cir. 1987) ("[A] district court acts within the bounds of its discretion when it denies leave to amend for 'untimeliness' or 'undue delay'" and

"[p]rejudice to the opposing party need not be shown also.").[2]  In determining whether a delay is "undue," a court "focuses primarily on the reasons for the delay."  *Minter*, 451 F.3d at 1206. "[D]enial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay" or when a moving party fails to  "demonstrate excusable neglect."  *Id.* (citing *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987)).[3]

The Court's deadline for amendment of pleadings was July 14, 2008, and this motion was filed April 30, 2010.[4]  Brothers contends, however, that its delay in seeking amendment was justified because it diligently sought discovery and analyzed the relevant financial information and that it received relevant financial documents from Alltech as late as March 2, 2010 (one month prior to filing the current motion).  Brothers attached an affidavit from an expert hired to analyze AllTech's financial data, setting forth the dates that he received certain documents and what documents remained outstanding.  (Reply in Support of Mot. to Amend, Ex. 1.)  Brothers contends that it timely

---

[2]  Despite these clear statements of law, Brothers cited law from other jurisdictions standing for the proposition that prejudice is required.  (*See* Reply in Support of Mot. to Amend 2-3.)

[3]  In addition, a court may properly deny leave to amend where the plaintiff is using Rule 15 to: (1) make the complaint a moving target; (2) salvage a lost case by untimely suggesting new theories of recovery; (3) present numerous new theories in an effort to avoid dismissal; or (4)  knowingly delay raising an issue until the eve of trial.  *See Minter*, 451 F.3d at 1206. AllTech does not assert that Brothers is engaging in any of these tactics.

[4]  The Tenth Circuit has not "decide[d] whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements."  *Minter*, 451 F.3d at 1205 n.4 (explaining that some circuits require the party seeking amendment past a scheduling order deadline to (1) show that it was diligent in attempting to meet the deadline, and (2) provide an adequate explanation for its delay); *see Bylin v. Billings*, 568 F.3d 1224, 1231 n.9 (10th Cir. 2009) (noting that the Tenth Circuit "has not ruled on that question in the context of an amendment to an existing pleading"). However, the Tenth Circuit has explained that there is a "rough similarity between the 'good cause' standard of Rule 16(b) and the 'undue delay' analysis under Rule 15."  *Minter*, 451 F.3d at 1205 n.4.  Thus, under Tenth Circuit law, the two standards are not substantially different.

sought leave to amend upon forming a reasonable belief that the facts revealed in the discovery process supported a claim for set off.

AllTech argues that Brothers knew or should have known of his claim for set off by April 21, 2008, at the time he filed his counterclaim against AllTech for an accounting, because one stated purpose of the accounting claim was to determine "the amount of money to which Brothers is entitled in distributions." (*See* Counterclaim ¶ 19.) Additionally, AllTech argues, Brothers filed a Third Party Complaint against AllTech's principals on May 8, 2008, alleging that AllTech's principals improperly transferred funds to other companies and failed to maintain accurate financial records, resulting in diminished distributions to him. (*See* Third Party Complaint ¶¶ 10-14.) Based on these allegations, AllTech argues that Brothers was aware of facts giving rise to a claim for set off at the outset of this litigation. Alternatively, AllTech argues that Brothers did not diligently pursue the discovery relevant to his accounting claim and/or did not diligently analyze such discovery in order to determine if the records supported a claim for set off.

The Court concludes that Brothers did not engage in undue delay in seeking amendment to add his claim for set-off. First, Brothers' seeking an accounting, for the purpose of determining if distributions were actually owed, does not evidence undue delay. Instead, it evidences that Brothers desired to analyze AllTech's financial data and determine if there existed a colorable basis for asserting a claim for set off. The more difficult question is whether Brothers engaged in undue delay in seeking and analyzing such information prior to seeking leave to amend. Although a significant period of time has elapsed since the Court's deadline, the Court is persuaded that such delay is not due to a lack of diligence by Brothers. Some of the delay in seeking discovery is explained by the parties' agreement to delay discovery pending the Court's ruling on certain motions. The Court

finds that the remainder of the delay is justified based on the lengthy process of requests and productions attached to the parties' briefs, the large number of documents produced, and Brothers' hiring of an expert to analyze such documents prior to seeking leave to amend.  Further, the delay is not undue given the overall progress of this litigation.  At the time the motion to amend was filed in April 2010, the discovery deadline was August 2, 2010, and the trial date was November 15, 2010.[5]  The Court finds that Brothers sought leave of court in a timely manner after diligent pursuit and analysis of AllTech's relevant financial documents.[6]

## III.    Futility

AllTech also urges the Court to deny the motion to amend because it is futile.  "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason . . . ."  *E. SPIRE Comm'cns, Inc. v. N.M. Public Reg. Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004); *Murray v. Sevier,* 156 F.R.D. 235, 238 (D. Kan. 1994) ("If a proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim, then the court is clearly justified in denying an amendment on futility grounds.").  In considering whether a proposed amendment can withstand a motion to dismiss, a court must determine whether the plaintiff has stated a claim upon which relief may be granted.  The inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its

_____

[5]  Since filing of the motion to amend, these deadlines have been extended to November 12, 2010 and April 18, 2011, respectively.

[6]  AllTech does not contend that it will suffer any prejudice as a result of the amendment. Although prejudice is not required in the Tenth Circuit in order to deny a motion to amend, the lack of prejudice to AllTech clearly weighs in favor of granting the motion to amend.

face.'"  *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> Brothers' proposed counterclaim for set off alleges:

> Based on a review of the financial records and other materials produced by AllTech, Brothers has discovered certain accounting issues that have resulted in over $1 million in unpaid distributions to its members, including Brothers.  As a result of this obligation to Brothers, Brothers is entitled to a set-off of debts between him and AllTech, and that only the balance, if any, be recovered in the instant judicial proceeding.

(Mot. to Amend, Ex. 3, ¶ 26.)  AllTech argues that these allegations fail to state a claim for relief

because: (1) Brothers' claim fails to meet even minimum standards of specificity by vaguely

referencing "accounting issues" and failing to specify years in which distributions were owed; and

(2) Brothers failed to plead any equitable ground for set off, which is an element under Oklahoma

law.

Construing the proposed claim in its most favorable light, Brothers seeks a set off for unpaid

shareholder distributions from 1999 to the present.  (*See* Proposed First Am. Counterclaims ¶¶ 7,

26.)  This is sufficient to apprise AllTech of the nature of the claim and the relevant time periods.

The phrase "accounting issues," although it could be more specific, sufficiently describes accounting

problems, either purposeful or inadvertent, that prevented Brothers from receiving distributions

allegedly due and owing to Brothers.  Further, Brothers has hired an expert who has already

provided or will provide an expert report detailing the alleged amounts owed and for what years,

which mitigates any practical problems caused by a lack of detail.  Therefore, amendment is not

futile based on a lack of specificity.

Under Oklahoma law, a party seeking a right to set off must ultimately show "grounds of

equitable interposition" that justify a claim for set off.  *S. Surety Co. of New York v. Maney*, 121 P.2d

295, 298 (Okla. 1941).  AllTech correctly argues that Brothers' proposed claim does not set forth specific equitable grounds in support thereof.  However, in his reply brief, Brothers has specified that the equitable basis for his claim is the avoidance of multiple actions between Brothers and AllTech, where Brothers has already sought an accounting and received the discovery necessary to pursue its claim for set off in this action.  The Court finds that permitting Brothers to add this equitable ground to the proposed First Amended Counterclaims is in the interest of justice and will not result in any prejudice to AllTech.  This addition will cure the pleading deficiency identified by AllTech.  Therefore, the proposed First Amended Counterclaims, with the addition of the relevant equitable grounds for relief identified by Brothers in its reply brief, is not futile.[7]

Defendant Robert Brothers' Motion for Leave to Amend Answer to Include Counterclaim for Set-Off (Doc. 84) is GRANTED, and the proposed First Amended Counterclaims of Robert Brothers may be filed no later than five days from the date of this Order.  Brothers is permitted to add the equitable grounds identified in its reply brief to the proposed First Amended Counterclaims.

IT IS SO ORDERED this 20th day of September, 2010.

_Terence C Kern_

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**

---

[7] In any relevant summary judgment briefing, the parties may address the questions of whether avoiding multiple actions is a sufficient equitable basis for set off, and, if so, whether the Court should exercise its equitable discretion to allow a claim for set off based on the facts of this case.  These issues are not sufficiently briefed and not ripe for review.

7