# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLTECH COMMUNICATIONS, LLC, an Oklahoma Limited Liability Company, <br><br>  Plaintiff, <br><br> v. <br><br> ROBERT BROTHERS, an individual; and TOWERWORX, LLC, an Oklahoma Limited Liability Company, <br><br>  Defendants. | Case No. 08-CV-210-TCK-FHM <br><br> **BASE FILE** |

## FIRST AMENDED COUNTERCLAIMS OF ROBERT BROTHERS

Pursuant to Rules 13 and 18 of the Federal Rules of Civil Procedure, Robert Brothers ("Brothers") for his counterclaims against AllTech Communications, LLC ("AllTech"), alleges and states as follows:

### Jurisdiction and Venue

1. Brothers' declaratory judgment counterclaims arise under the United States patent laws, 35 U.S.C. § 1 *et. seq.* and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. The Court has subject matter jurisdiction over Brothers' declaratory judgment counterclaims based on 28 U.S.C. §§ 1331 and 1338. The Court has supplemental jurisdiction over the remaining counterclaims based on 28 U.S.C. § 1367.

3. Venue is proper in this judicial district based on 28 U.S.C. §§ 1391 and 1400.

### Parties

4. TowerWorx is an Oklahoma limited liability company with its principal place of business located in Pryor, Oklahoma.

5. Brothers is an individual residing in Tulsa, Oklahoma.

6. AllTech is an Oklahoma limited liability company with its principal place of business located in Tulsa, Oklahoma.

### Background

7. On or about September 1, 1999, Brothers became a member of AllTech Communications, LLC ("AllTech"). Brothers currently owns 22% of the interests in AllTech.

### COUNT I – DECLARATORY JUDGMENT AGAINST ALLTECH

8. Brothers incorporates by reference the allegations contained in each preceding paragraph as if fully set forth herein.

9. AllTech claims to own all rights in U.S. Patent No. 7,062,883 B1 (the "'883 Patent").

10. On March 12, 2008, AllTech filed its Petition alleging claims against TowerWorx and Brothers for infringement of the '883 Patent.

11. TowerWorx' and Brothers' use, license, sale and/or offer for sale of its products does not result in infringement of any valid and enforceable claim of the '883 Patent.

12. The '883 Patent is invalid, unenforceable and void on the grounds that the purported inventions attempted to be patented therein fail to meet one or more of the conditions of patentability specified in Title 35, United States Code, including in particular Section 103.

13. Brothers is not barred from challenging the validity of the '883 Patent under the doctrine of assignor estoppel. After Brothers assigned the '883 Patent to AllTech, the Supreme Court rejected the obviousness standard that the Board of Patent Appeals and Interferences rigidly applied in allowing the '883 Patent to issue.

5540645_1.DOC

14. As a result of AllTech's lawsuit against TowerWorx and Brothers alleging infringement of the '883 Patent, an actual case of controversy exists between the parties concerning infringement and validity of the '883 Patent.

15. TowerWorx' and Brothers' use, license, sale and/or offer for sale of its products has been injured and damaged by AllTech's filing of a complaint for patent infringement based on a patent that has not been infringed and is invalid and unenforceable.

16. This case is exceptional pursuant to 35 U.S.C. § 285 and Brothers is entitled to recover the costs and reasonable attorneys' fees incurred as a result of this action.

17. Brothers respectfully requests declaratory judgment that:

   a. The '883 Patent is invalid, unenforceable and void on the grounds that the purported inventions attempted to be patented therein fail to meet one or more of the conditions of patentability specified in Title 35, United States Code, including in particular Section 103;

   b. TowerWorx and Brothers have not infringed any valid and enforceable claim of the '883 Patent;

   c. The conduct of AllTech, including the prosecution of this lawsuit against TowerWorx and Brothers constitutes an exceptional case entitling TowerWorx and Brothers to an award of damages and attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT II – ACCOUNTING
## AGAINST ALLTECH

19. Brothers incorporates by reference the allegations contained in each preceding paragraph as if fully set forth herein.

20. As a member of AllTech, Brothers is entitled to full access to all financial records of AllTech.

22. Despite requests to AllTech, Brothers has been denied access to AllTech's financial records. As alleged herein, the Langholzes have transferred AllTech funds to other

3

5540645_1.DOC

companies owned and controlled by the Langholzes, and the Langholzes have failed to maintain accurate financial records of AllTech.

23. Pursuant to 18 Okla. Stat. § 2021, Brothers is entitled to an accounting from AllTech to establish all revenues received by AllTech, all expenses incurred by AllTech, the amount of money to which Brothers is entitled in distributions and any other information relating to the financial condition of AllTech.

24. Brothers requests that the Court order an accounting of AllTech and the costs of such accounting to be assessed to AllTech.

## COUNT III – SET-OFF

25. Brothers incorporates by reference the allegations contained in each preceding paragraph as if fully set forth herein.

26. Based on a review of the financial records and other materials produced by AllTech, Brothers has discovered certain accounting issues that have resulted in over $1 million in unpaid distributions to its members, including Brothers.

27. As a result of this obligation to Brothers, Brothers is entitled to a set-off of debts between him and AllTech, and that only the balance, if any, be recovered in the instant judicial proceeding.

WHEREFORE, Brothers requests the Court enter judgment in its favor as follows:

A. Judgment be entered in favor of Brothers against AllTech as to the above Counts I and III;

B. For costs and reasonable attorneys' fees; and

C. Brothers be granted such other and further relief as this Court may deem appropriate and just.

4

Respectfully submitted this 27th day of September, 2010.

        Respectfully submitted,

        *s/ Spencer F. Smith*
John A. Kenney, OBA #4976
Spencer F. Smith, OBA #20430
Tamara Schiffner Pullin, OBA # 21462
MCAFEE & TAFT a Professional Corporation
Tenth Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
Email:  john.kenney@mcafeetaft.com
Email:  spencer.smith@mcafeetaft.com
Email:  tamara.pullin@mcafeetaft.com


Gerald L. Hilsher, OBA #4218
MCAFEE & TAFT a Professional Corporation
500 ONEOK Plaza
100 West 5th Street
Tulsa, Oklahoma 74103
Email:  gerald.hilsher@mcafeetaft.com

**COUNSEL FOR DEFENDANTS ROBERT BROTHERS. TOWERWORX, LLC, TELWORX COMMUNICATIONS, LLC AND TIM SCRONCE**

5540645_1.DOC

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 27th day of September 2010, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

    R. Jay Chandler
    Angela F. Porter
    Teresa S. Nowlin
    Norman Wohlgemuth Chandler & Dowdell
    401 S. Boston Avenue
    2900 Mid-Continent Tower
    Tulsa, OK 74103-4023
    ATTORNEYS FOR PLAINTIFF

    Drew Thomas Palmer
    Crowe & Dunlevy, P.C.
    20 North Broadway, Suite 1800
    Oklahoma City, OK 73102-8273
    Telephone (405) 235-7700
    Facsimile (405) 239-6651
    Email: phil.free@crowedunlevy.com
    Email: geren.steiner@crowedunlevy.com
    Email: drew.palmer@crowedunlevy.com

    *Attorneys for AllTech Communications, LLC*

                                      */s/ Spencer F. Smith*
                                      Spencer F. Smith