IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLTECH COMMUNICATIONS, LLC, an Oklahoma Limited Liability Company, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 09-CV-276-TCK-FHM ) |
| TELWORX COMMUNICATIONS, LLC, and TIM SCRONCE, | ) ) DEMAND FOR JURY TRIAL ) ) |
| Defendants. | ) ) |

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, TelWorx Communications, LLC ("TelWorx") and subject to its Motion to Dismiss and Answer asserts the following counterclaims against AllTech Communications, LLC ("AllTech"):

### Jurisdiction and Venue

1. TelWorx's counterclaims arise under the United States patent laws, 35 U.S.C. § 1 *et. seq.* and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. The Court has subject matter jurisdiction over TelWorx's counterclaims based on 28 U.S.C. §§ 1331 and 1338.

3. Venue is proper in this judicial district based on 28 U.S.C. §§ 1391 and 1400.

**Parties**

4. TelWorx is a North Carolina limited liability company with its principal place of business located at 364 Dixon Street, Lexington, North Carolina.

5. Upon information and belief, AllTech is an Oklahoma limited liability company with its principal place of business in Tulsa, Oklahoma.

6. AllTech claims to own all rights in U.S. Patent No. 7,062,883 (the "'883 Patent").

7. On May 13, 2009, AllTech filed a Complaint alleging claims against TelWorx for infringement of the '883 Patent.

8. TelWorx's use, license, sale and/or offer for sale of its products does not result in infringement of any valid and enforceable claim of the '883 Patent.

9. The '883 Patent is invalid, unenforceable and void on the grounds that the purported inventions attempted to be patented therein fail to meet one or more of the conditions of patentability specified in Title 35, United States Code, including in particular Section 103.

10. The '883 Patent is invalid, unenforceable and void on the grounds that the purported inventions attempted to be patented therein fail to meet one or more of the conditions of patentability specified in Title 35, United States Code, including in particular Section 112.

11. Upon information and belief, Mr. Langholz was incorrectly identified in the '883 Patent as an inventor rendering the patent invalid and unenforceable.

12. As a result of AllTech's lawsuit against TelWorx alleging infringement of the '883 Patent, an actual case of controversy exists between the parties concerning infringement and validity of the '883 Patent.

13. TelWorx's use, license, sale and/or offer for sale of its products has been injured and damaged by AllTech's filing of a complaint for patent infringement based on a patent that has not been infringed and is invalid and unenforceable.

14. This case is exceptional pursuant to 35 U.S.C. § 285 and TelWorx is entitled to recover the costs and reasonable attorneys' fees incurred as a result of this action.

15. TelWorx respectfully requests declaratory judgment that:

(a) The '883 Patent is invalid, unenforceable and void on the grounds that the purported inventions attempted to be patented therein fail to meet one or more of the conditions of patentability specified in Title 35, United States Code, including in particular Section 103;

(b) The '883 Patent is invalid, unenforceable and void on the grounds that the purported inventions attempted to be patented therein fail to meet one or more of the conditions of patentability specified in Title 35, United States Code, including in particular Section 112;

(c) TelWorx has not infringed any valid and enforceable claim of the '883 Patent;

(d) The '883 Patent incorrectly designates inventorship and is invalid and unenforceable;

(e) The conduct of AllTech, including the prosecution of this lawsuit against TelWorx constitutes an exceptional case entitling TelWorx to an award of damages and attorneys' fees and costs under 35 U.S.C. § 285.

WHEREFORE, TelWorx prays for judgment against AllTech together with an award of TelWorx's costs, interest, attorneys' fees and such other relief as the Court deems equitable and just.

## JURY TRIAL DEMANDED

A trial by jury is requested on all issues triable to a jury.

Respectfully submitted,

*s/ John A. Kenney*
John A. Kenney, OBA #4976
Gerald L. Hilsher, OBA #4218
Charles L. McLawhorn, III, OBA #19523
McAFEE & TAFT
A Professional Corporation
Tenth Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
Telephone 405-235-9621
Facsimile 405-235-0439

*Attorneys for Defendants*
*TelWorx Communications, LLC and Tim Scronce*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June, 2009, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

>Phillip L. Free Jr., OBA #15765
>Crowe & Dunlevy, P.C.
>20 North Broadway, Suite 1800
>Oklahoma City, OK 73102-8273
>Telephone (405) 235-7700
>Facsimile (405) 239-6651
>Email: phil.free@crowedunlevy.com

*Attorneys for AllTech Communications, LLC*

>/s/ John A. Kenney